UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BAC HOME LOANS SERVICING, L.P.,

              Plaintiff,

v.                                               Case No.  6:19-cv-652-Orl-37GJK

AARON AQUERON; UNKNOWN TENANT I;
UNKNOWN TENANT II; STONEBRIDGE
VILLAGE HOMEOWNER'S ASSOCIATION, INC.;
FAIRWINDS CREDIT UNION; MICHAEL
RODRIGUEZ; LIZETTE RODRIGUEZ; ANY
UNKNOWN HEIRS, DEVISEES, GRANTEES,
CREDITORS, AND OTHER UNKNOWN PERSON
OR UNKNOWN SPOUSES CLAIMING BY,
THROUGH AND UNDER ANY OF THE ABOVE-
NAMED DEFENDANTS,

              Defendants.
_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS** (Doc. No. 2) |
| **FILED:** | **April 9, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED and the case be REMANDED**.

On April 9, 2019, pro se Defendant Aaron Aqueron filed a Notice of Removal,

purporting to remove his objection to a judicial foreclosure sale in state court to this Court. Doc. No. 1. Also, on April 9, 2019, Aqueron filed his Application to Proceed in District Court Without Prepaying Fees or Costs (the "Motion"). Doc. No. 2.

## I.   APPLICABLE LAW

The United States Congress requires the district court to review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. 28 U.S.C. § 1915.[1] The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A)  the allegation of poverty is untrue; or
> (B)  the action or appeal --
>   (i)  is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii)  seeks monetary relief against a defendant who is immune from such relief.

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. Pursuant to Local Rule 4.07(a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 4.07(a).

the case if satisfied that the action is frivolous or malicious under section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[2] *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

**II.    ANALYSIS**

On August 3, 2010, BAC Home Loans Servicing, L.P., filed a "Complaint to Foreclose Mortgage and Reformation of Deed." Doc. No. 1-1. On December 10, 2018, a foreclosure auction sale was held, and on December 12, 2018, a Certificate of Sale was issued to PROF-2013-M4 Legal Title Trust. Doc. No. 1-2 at ¶¶ 1, 2. On December 19, 2018, Aqueron, appearing pro se, filed an objection to the sale and motion to vacate the sale and request for a hearing (the "Objection"). Doc. No. 1-2. On April 9, 2019, Aqueron filed a Notice of Removal, asserting removal of his "state court objection to a judicial sale . . . ." Doc. No. 1 at 3. No other defendants joined in the removal.

---

[2] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2). *Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

>Federal court removal is governed by 28 U.S.C. § 1441(a), which states the following:
>
>>Except as otherwise expressly provided by Act of Congress, *any civil action* brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending.

(Emphasis added.) The notice of removal shall be filed within thirty days after the defendant receives the initial pleading, service of summons, or, if the initial pleading is not removable, within thirty days after receipt "of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (3).

Courts strictly construe removal statutes against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, (1941); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand."); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("[A]ll doubts about jurisdiction should be resolved in favor of remand to state court."). The removing party bears the burden of proving by a preponderance of the evidence that federal jurisdiction exists and must present facts establishing the right to remove. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The case must be remanded if the removing party fails to meet this burden. *Id.* at 1321.

Although § 1441 speaks to removal of civil "action[s]," Aqueron is not purporting to remove the state court action. He specifically disclaims any intent on removing the state court complaint, but attempts to limit the removal to his Objection. Doc. No. 1 at ¶ 7. The federal courts have generally construed the phrase "civil action" in the § 1441 context "to require a suit

separate from, and not ancillary to, a suit in state court." *Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1134 (11th Cir. 2013). "Actions are not ancillary and are instead independent civil actions when they are 'in effect suits involving a new party litigating the existence of a new liability.'" *Id.* (quoting *Butler v. Polk*, 592 F.2d 1293, 1296 n.7 (5th Cir. 1979)[3]). Aqueron states in the Notice of Removal that the "claim is strictly for money damages as a result of Plaintiff's fraudulent conduct, before, during and after the subject state court foreclosure sale." Doc. No. 1 at ¶ 7. This is belied by the Objection itself, however, in which Aqueron asks the court to "order the Orange County Clerk not to issue a Certificate of Title, [and] vacate the December 10, 2018 sale . . . ." Doc. No. 1-2 at 4. Thus, the Objection does not involve a new party litigating a new liability, and is therefore ancillary to the state court suit.

Additionally, under the unanimity rule, a notice of removal is not effective unless all defendants consent to and join in the notice. *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1207 (11th Cir. 2008). The other defendants have not joined in the removal of this case.

Finally, the purported removal is untimely. The initial pleading was filed in 2010, and Aqueron filed his Objection to the sale on December 19, 2018. Doc. No. 1-1 at 1; Doc. No. 1-2 at 1. Section 1446(b)(1) and (3) state that the notice of removal shall be filed within thirty days after the defendant receives the initial pleading or another paper from which it can be ascertained that removal is appropriate. Aqueron's filing of the Notice of Removal on April 9, 2019, far exceeds those deadlines.

For the reasons stated above, Aqueron's purported removal is frivolous as a matter of law.

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

### III. CONCLUSION

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **DENY** the Motion (Doc. No. 2);

2. **REMAND** the case; and

3. Direct the Clerk to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on May 2, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Presiding District Judge
Unrepresented party